UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

POWDER COATING CONSULTANTS,  :
    Plaintiff,                           :                    09cv200(WWE)
                                       :
                                       :
          v.                             :
                                     :
THE POWDER COATING INSTITUTE,  :
    Defendant.                        :

ORDER

      In this action, plaintiff The Powder Coating Consultants ("PCC") alleges that defendant The Powder Coating Institute ("PCI") is unfairly competing against it.  Plaintiff alleges breach of contract, breach of covenant of good faith and fair dealing, negligent misrepresentation, promissory estoppel, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

      Defendant has filed a motion to dismiss for lack of personal jurisdiction and a motion for protective order to deny plaintiff the opportunity to conduct jurisdictional discovery prior to responding to the motion to dismiss.  In the alternative, defendant requests that the court limit the scope of plaintiff's discovery requests.

      Defendant maintains that a plaintiff must make a prima facie showing of jurisdiction prior to obtaining jurisdictional discovery.  However, case law within the Second Circuit indicates that district courts have permitted jurisdictional discovery where a plaintiff has made less than a prima facie showing but made a "sufficient start" toward establishing personal jurisdiction.  <u>Hollins v. United States Tennis Assoc.</u>, 469 F. Supp. 2d 67, 71 (E.D.N.Y. 2006).

In Connecticut, the court makes a two-step inquiry to determine whether personal jurisdiction exists. Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir. 1995). The court first determines whether the exercise of jurisdiction over the party is conferred by Connecticut's long-arm statutes. If jurisdiction is permissible under the long-arm statutes, the court determines whether the exercise of jurisdiction under the statute comports with the provisions of the Fourteenth Amendment's Due Process Clause. Metropolitan Life Ins. Co. v. Robertson-CECO Corp., 84 F.3d 560, 567 (2d Cir. 2006).

Connecticut General Statutes ("CGS") § 33-929(e) provides that "every foreign corporation which transacts business in this state [without a certificate of authority from the Secretary of State] shall be subject to suit in this state upon any cause of action arising out of such business." CGS § 33-929(f), provides:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:  (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

In this instance, plaintiff has alleged that PCI is an out-of-state non-profit organization with the purpose to promote the application and utilization of powder

coating technology among industrial finishers and to disseminate knowledge of powder coating's performance benefits to the industry and consumers. PCI solicits industry consultants to join PCI as members. Each member must pay annual dues to PCI. PCC has been a dues-paying member of the Institute for more than 18 years.

In support of its motion to dismiss, Steve Houston, Executive Director of PCI, avers that PCI maintains a website but it does not transact business in Connecticut and does not repeatedly solicit business in Connecticut.

The Court finds that plaintiff's complaint states a sufficient start of establishing personal jurisdiction. Jurisdictional discovery will be allowed so that plaintiff may develop a record relevant to the extent of PCI's contacts with Connecticut and solicitation of Connecticut members. However, jurisdictional discovery is limited to PCI's contacts with Connecticut. The Court will not allow plaintiff to take discovery on PCI's activities or contacts with other states or the country as a whole.

Accordingly, the motion for a protective order [doc. #25] is DENIED in part, and GRANTED in part. Plaintiff has 60 days from this order's filing date to conduct jurisdictional discovery consistent with this order.

                                                          _____/s/_____
                                                          Warren W. Eginton
                                                          Senior United States District Judge

Dated this 20th day of October, 2009 in Bridgeport, Connecticut.