UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

POWDER COATING CONSULTANTS,   :
    Plaintiff,   :   3:09cv200(WWE)
                            :
                            :
    v.   :
                            :
THE POWDER COATING INSTITUTE,   :
    Defendant.   :

MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

    In this diversity action, plaintiff Powder Coating Consultants ("PCC") maintains that defendant The Powder Coating Institute ("PCI") has unfairly engaged in competition against it. Plaintiff alleges breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, promissory estoppel, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

    Defendant has filed a motion for summary judgment. For the following reasons, the motion for summary judgment will be granted.

BACKGROUND

    The parties have submitted statements of undisputed facts, affidavits and other supporting evidentiary materials that reflect the following factual background.

    In 1981, defendant PCI was formed in Ohio as a non-profit organization. Plaintiff PCC is a Connecticut engineering firm that specializes in the use of powder coating technology. PCC advises members of the powder coating industry on the purchase and use of powder coating equipment. PCC also advises the public on powder coating

1

processes and on employee training. PCC has been a dues-paying member of PCI for more than 18 years.

In May 2008, Steve Houston was appointed Executive Director of PCI. In June 2008, Houston announced that PCI would be increasing staff, creating value-added membership and offering laboratory testing.

On January 5, 2009, PCI announced that Rodger Talbert was taking a position as Technical Director. PCI stated that Talbert would "act as the technical liaison between [PCI] and the marketplace." PCI solicited donations of equipment from its members for Talbert to use as part of PCI's consulting services, including trouble shooting manufacturing problems and training employees.

Prior to his appointment, Talbert worked at R. Talbert Consulting, Inc., which offered the same consulting services as PCC, advising industry members and consumers about powder coating equipment and processes. Talbert Consulting was a PCC competitor.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London

American International Corp., 664 F.2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

### Common Law Claims: Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Negligent Misrepresentation, and Promissory Estoppel

As the basis of its common law claims, PCC alleges that PCI – – as a non-profit that has promised through its Bylaws, Mission Statement and Antitrust Policy Statement to promote, support and act in the best interests of its members and not to injure its members' rights to compete – – has an enforceable contract with its dues paying members that it will actually support its members.  PCC asserts that PCI breached its contract to support, promote and act in the best interests of its members and to refrain from competing with its members.   PCI attacks PCC's common law claims on the basis that no contract was formed between the parties, no promissory representations were made by PCI, and PCC has not sustained damages.  The Court finds that summary judgment is appropriate because PCC cannot prove that it was damaged or injured by PCI's conduct.

The prima facie case of each of the common law claims requires that damage or injury result from defendant's conduct.  Accordingly, to defeat the instant motion for summary judgment, plaintiff must establish at least an inference that it sustained damages attributable to PCI's provision of consulting services.

The elements of a breach of contract are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages. Namoury v. Tibbetts, 2005 WL 81615, *3 (D. Conn. Jan. 11, 2005).  The essential elements of a claim of the breach of covenant of good faith and fair dealing are bad faith, causation and damages.  Podesser v. Lambert and Barr, LLC, 2007 WL 2363310 (Conn. Super.). A claim of negligent misrepresentation requires a showing that plaintiff reasonably relied on the misrepresentation made by defendant and suffered pecuniary harm as a result. Nazami v. Patrons Mut. Ins. Co., 280 Conn. 619, 625 (2006). Similarly, the elements of promissory estoppel are: (1) a clear and definite promise which a promisor could reasonably have expected to induce reliance; (2) the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and (3) the other party must change its position in reliance on those facts, thereby incurring some injury.  Torrington Farms Ass'n. v. Torrington, 75 Conn.App. 570, 576 n. 8 (2003).

PCI argues that PCC seeks damages on all of its common law claims based on lost profits, which are so speculative as to be inadmissible.  In Connecticut, recovery of lost profits as damages for contract, breach of fiduciary and negligence claims is permissible unless they are too speculative or remote.  Levinson v. Westport Nat. Bank, 2012 WL 4490432 (D. Conn. 2012).  Lost profits may be calculated based on past

profits but a plaintiff cannot recover for the mere potential of profitability. Beverly Hills Concepts, Inc. v. Schatz and Schatz, 247 Conn. 48, 75 (1998). The evidence must afford a sufficient basis for estimating the lost profits with reasonable certainty. Bridgeport Harbour Place I, LLC v. Ganim, 131 Conn. App. 99, 123 (2011) (lost profits damages could not be based on unfinalized contract as to costs, timetable, and specifications).

In this instance, PCC has submitted an expert report in support of its assertion that it sustained a substantial injury and an ascertainable loss based on a decline in its profits during the period in which PCI provided consulting services. PCC has identified fourteen companies that PCI obtained as clients through direct competition with it. However, PCC's evidence does not provide a sufficient basis for estimating lost profits with reasonable certainty. It does not follow that PCC lost business because PCI provided certain services also offered by PCC to the 14 listed businesses. There is no indication that PCC would have entered into a contract with these businesses if PCI had not provided services to them. Accordingly, the Court will grant summary judgment in PCI's favor on PCC's common law claims based on PCC's failure to raise an inference that it can establish damages resulting from PCI's conduct.

CUTPA

PCI argues that PCC cannot establish either that it engaged in an unfair or deceptive act or that PCC suffered an ascertainable loss to support its CUTPA claim. PCC counters that PCI's establishment of a revenue-generating service that competed with its members constitutes an unfair or deceptive act.

For purposes of this ruling, the Court will assume that the PCC has raised an

issue of fact as to whether PCC's practices were unethical or unfair.

In the context of a CUTPA claim, the extent of the loss need not always be proven with specificity but a party must show that the CUTPA violation produced some loss.  <u>Nationwide Mut. Ins. Co. v. Mortensen</u>, 606 F.3d 22, 30 (2010).  In certain circumstances, nominal damages may be awarded on a CUTPA claim where a party has demonstrated liability but is unable to prove the amount of damages incurred.  <u>See Whitaker v. Taylor</u>, 99 Conn.App. 719, 733 (2007) (holding that nominal damages were appropriate where plaintiff had obtained a default judgment on its CUTPA claim).  However, nominal damages are appropriate only where a plaintiff can show some injury that was caused by the CUTPA violation.  <u>Hees v. Burke Construction, Inc.</u>, 290 Conn. 1, 14 (2009).

In this instance, the Court will grant summary judgment because PCC has not demonstrated that it sustained any loss as a result of PCI's asserted unethical conduct.  No evidence suggests that PCC would have secured the business of the companies listed.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment [doc. #69] is GRANTED.  The Court is instructed to close this case.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this 20th day of December, 2012 in Bridgeport, Connecticut.